UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
PHILIP J. STEFANELLI,

                Plaintiff,

    - against -

KILOLO KIJAKAZI, Acting Commissioner of
Social Security,[1]

                Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-7864 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Philip J. Stefanelli ("Plaintiff") brings this action under 42 U.S.C. § 405(g) against the former Acting Commissioner of Social Security ("Commissioner"). Plaintiff seeks judicial review of the decision of the Social Security Administration ("SSA") denying his claim for Disability Insurance Benefits ("DIB"). The parties have cross-moved for judgment on the pleadings. (Dkts. 7, 11.) For the reasons set forth below, the Court grants Plaintiff's motion for judgment on the pleadings and denies the Commissioner's cross-motion. This case is remanded for further proceedings consistent with this Memorandum & Order.

## BACKGROUND

Plaintiff filed an application for DIB on May 24, 2021, claiming that he had been disabled since March 31, 2021. (*See* Dkt. 5 ("Tr."), 206–09.[2]) The claim was initially denied on November

---

[1] Martin O'Malley became the Commissioner on December 20, 2023, and is substituted for the former Acting Commissioner, Kilolo Kijakazi. *See Commissioner Martin O'Malley*, SOC. SEC. AGENCY, https://www.ssa.gov/agency/commissioner/ (last visited Mar. 25, 2024).

[2] Page references prefaced by "Tr." refer to the continuous pagination of the Administrative Transcript, (*see* Dkt. 5), appearing in the lower right corner of each page, and not to the internal pagination of the constituent documents or the pagination generated by the Court's CM/ECF docketing system.

10, 2021, and was denied upon reconsideration on December 28, 2021. (*See* Tr. 76–112, 118.) Plaintiff requested a hearing on January 14, 2022, (*see* Tr. 143–44), which was held telephonically before an administrative law judge ("ALJ") on June 9, 2022, (*see* Tr. 48–75). By decision dated June 28, 2022, ALJ David Tobias found that Plaintiff was not disabled within the meaning of the Social Security Act from the alleged onset of his disability on March 31, 2021 through the date of the ALJ's decision. (Tr. 8–31.) On July 25, 2022, Plaintiff requested a review of the decision by the Appeals Council. (Tr. 195–97, 195–97, 309–13.) The Appeals Council denied the request for review on November 22, 2022. (Tr. 1–7.) Based upon this denial, on December 27, 2022, Plaintiff timely[3] filed this action seeking reversal or remand of the ALJ's decision.

## DISCUSSION

A district court reviewing a final decision of the Commissioner must determine whether the "correct legal standard[s]" were applied and whether there is "substantial evidence in the record" to support the decision. *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (per curiam); *see* 42 U.S.C. § 405(g). "[T]he ALJ generally has an affirmative obligation to develop the

---

[3] Section 405(g) provides that:

[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). "Under the applicable regulations, the mailing of the final decision is presumed received five days after it is dated unless the claimant makes a reasonable showing to the contrary." *Kesoglides v. Comm'r of Soc. Sec.*, No. 13-CV-4724 (PKC), 2015 WL 1439862, at *3 (E.D.N.Y. Mar. 27, 2015) (citing, *inter alia*, 20 C.F.R. §§ 404.981, 422.210(c)). Here, the Commissioner's decision became final when the Appeals Council denied review on November 22, 2022, and therefore Plaintiff presumably received the decision on November 27, 2022. (*See* Compl., Dkt. 1, ¶ 11.) Because the Complaint was filed on December 27, 2022—i.e., 30 days after Plaintiff presumably received the Appeals Council's decision—this action is timely.

2

administrative record." *Genier v. Astrue*, 606 F.3d 46, 50 (2d Cir. 2010) (internal quotation marks omitted) (quoting *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996)). An ALJ's failure to develop the record adequately is a basis to vacate the decision. *See Moran v. Astrue*, 569 F.3d 108, 114–15 (2d Cir. 2009).

As for determining whether the Commissioner's findings were based upon substantial evidence, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Selian*, 708 F.3d at 417 (quotation omitted). However, "it is up to the agency, and not [the reviewing] court, to weigh the conflicting evidence in the record." *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998).

An ALJ applies a five-step inquiry to evaluate Social Security disability claims. *See Lesterhuis v. Colvin*, 805 F.3d 83, 86 n.2 (2d Cir. 2015); *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citation omitted) (explaining that plaintiff bears the burden of proof at the first four steps of the inquiry; the Commissioner bears the burden at the final step). Here, at steps one and two, the ALJ found that Plaintiff had not performed substantial gainful activity since his alleged onset date and had the severe impairments of "cervical spine disorder, cervical radiculopathy, lumbar spine disorder, degenerative joint disease of both shoulders, obesity, bilateral carpal tunnel syndrome, left cubital tunnel syndrome, tinnitus, and left hearing loss[.]" (Tr. 14.) At step three, the ALJ found that these impairments did not meet or equal the severity of the specified impairments in the Listing of Impairments contained in Appendix 1 to 20 C.F.R. Part 404, Subpart P, and that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work. (Tr. 17–30.) At step four, the ALJ found that Plaintiff could perform his past relevant work as a project

3

manager and recruiter.  (Tr. 30–31.)  Accordingly, at step five, the ALJ concluded that Plaintiff was not disabled.  (Tr. 31.)

In reaching this conclusion, the ALJ erred in several ways.  First, the ALJ failed to develop the record with respect to Plaintiff's mental health, despite acknowledging that Plaintiff had the "medically determinable mental impairments of post[-]traumatic stress disorder and depressive disorder[.]" (Tr. 15.)  Although the ALJ found that Plaintiff's "allegations involving his mental impairments [were] not supported by the record," (*id.*), the record does not reflect any attempt by the ALJ to obtain an opinion from Plaintiff's primary treating physicians regarding his mental health.[4]  "The ALJ's duty to develop the record 'is particularly important' in cases of mental illness, due to the difficulty in determining whether an individual with mental illness will be able to adapt to the workplace, and because the perceived stigma attached to mental illness may cause an individual to minimize her symptoms[.]" *Faure v. Comm'r of Soc. Sec.*, No. 22-CV-1571 (KHP), 2023 WL 5013282, at *10 (S.D.N.Y. Aug. 7, 2023) (citations omitted).  The ALJ compounded his error by relying solely on the remaining opinions of consulting examiner Dr. Paul Herman and non-examining consultant Dr. T. Inman, (Tr. 15), which are not substantial evidence regarding Plaintiff's mental health.  *See Ting v. Comm'r of Soc. Sec.*, No. 23-CV-1241 (PKC), 2024 WL 815841, at *8 (E.D.N.Y. Feb. 27, 2024) ("[T]he ALJ's reliance on the single examination done by [a consultative examiner] and the non-examining reports of [two doctors] do not constitute

---

[4] Although Plaintiff testified that his mental health provider, Dr. Leroy Monroe, had retired by the time of the hearing, (Tr. 66–67), the ALJ's decision did not explain this, or provide any reason for the ALJ's failure to seek a medical opinion from Dr. Monroe prior to the hearing, (*see* Tr. 15–17).  As explained *infra*, Dr. Monroe's treatment notes regarding Plaintiff's mental health status are insufficient to constitute a medical opinion for purposes of determining Plaintiff's RFC.  The absence in the record of an opinion from Plaintiff's mental health provider is all the more striking given that the ALJ discounted the opinion of Dr. Raj Krishnan, Plaintiff's pain management specialist, that Plaintiff had no cognitive limitations, because Dr. Krishnan "ha[d] not treated the claimant for a mental impairment." (Tr. 16.)

4

substantial evidence in this case[.]"). An ALJ should not rely heavily on the findings of a single consultative physician and non-examining physicians, and such reliance merits remand for further development of the record. *See Jesse M. v. Comm'r of Soc. Sec.*, No. 22-CV-6044 (GRJ), 2023 WL 5013302, at *11 (S.D.N.Y. Aug. 7, 2023) ("The Second Circuit has long cautioned that 'ALJs should not rely heavily on the findings of consultative physicians after a single examination.'"); *see also Telesco v. Comm'r of Soc. Sec.*, 577 F. Supp. 3d 336, 353 (S.D.N.Y. 2021) (remanding where ALJ failed to obtain a medical source opinion from plaintiff's treating psychiatrist), *R. & R. adopted*, No. 20-CV-8376 (MKV), 2022 WL 719271 (S.D.N.Y. Mar. 10, 2022).

Second, the ALJ failed to develop the record by not seeking a medical opinion statement from Dr. Jean Futoran, who after examining Plaintiff and conducting an electrodiagnostic study on Plaintiff, concluded that Plaintiff's "[d]isability" was "100%." (*See* Tr. 1191, 1194.) Although the record contains treatment notes and test results relating to Dr. Futoran's evaluation of Plaintiff, (*see* Tr. 1191–98), "[m]edical opinions are more than mere treatment notes," *Brown v. Comm'r of Soc. Sec.*, No. 20-CV-5959 (KAM), 2023 WL 8828653, at *5 (E.D.N.Y. Dec. 21, 2023). "In order to constitute a medical opinion . . . , a medical practitioner's statements must 'explicitly assess [the] claimant's limitations and RFC.'" *Id.* (quoting *Reginald R. v. Comm'r of Soc. Sec.*, No. 21-CV-6326 (CJS), 2023 WL 5608869, at *10 (W.D.N.Y. Aug. 30, 2023)). Here, Dr. Futoran's notes plainly discussed Plaintiff's alleged disabilities, but fell short of "assess[ing] . . . [his] limitations and RFC."[5] Dr. Futoran's treatment notes "do not provide sufficient insight into Plaintiff's

---

[5] To the extent that Dr. Futoran's treatment notes could be considered sufficient "opinion" evidence in their present form, the ALJ further erred by failing to assign weight to Dr. Futoran's "opinion." (Tr. 25); *see Michael E. v. Comm'r of Soc. Sec.*, No. 19-CV-1344 (LJV), 2021 WL 1087928, at *2 (W.D.N.Y. Mar. 22, 2021) ("The ALJ here discussed—but did not assign any specific weight to—the opinions of [claimant's] treating physicians, . . . . Therefore, this Court does not know whether the ALJ accepted their opinions; rejected part or all of their opinions; discounted part or all of their opinions; or did something else entirely. For that reason, the ALJ

abilities or restrictions regarding [his] functional limitations or capacity to work[,]" and remand is warranted to further develop the record accordingly. *See Brown*, 2023 WL 8828653, at *5; *see also Prieto v. Comm'r of Soc. Sec.*, No. 20-CV-3941 (RWL), 2021 WL 3475625, at *10–11 (S.D.N.Y. Aug. 6, 2021) ("It is the *opinion* of the treating physician that is to be sought; it is his *opinion* as to the existence and severity of a disability that is to be given deference." (quoting *Dimitriadis v. Barnhart*, No. 02-CV-9203 (DC), 2004 WL 540493, at *9 (S.D.N.Y Mar. 17, 2004) (emphasis in original))); *Peters v. Comm'r of Soc. Sec.*, No. 18-CV-6101 (JWF), 2019 WL 2719696, at *4 (W.D.N.Y. June 28, 2019) ("[T]he ALJ has an affirmative obligation to obtain more than 'sparse notes' in the medical records from a treating physician." (quoting *Smith v. Astrue*, No. 05-CV-1433 (NAM), 2008 WL 4517810, at *7 (N.D.N.Y. Sept. 30, 2008))).

Third, the ALJ impermissibly substituted his own judgment for that of a medical expert, undermining his assertion that the RFC determination was supported by substantial evidence. An ALJ may not "arbitrar[ily] and impermissibl[y] attempt to substitute his lay opinion for competent medical opinion, because the ALJ is not a medical expert who is competent to: (a) opine on what, if any, . . . treatment or therapy is warranted under the circumstances; or (b) interpret medical evidence or the lack thereof under the circumstances." *Santiago v. Comm'r of Soc. Sec.*, No. 19-CV-4001 (KPF) (KNF), 2020 WL 6530884, at *6 (S.D.N.Y. May 5, 2020). In assessing Plaintiff's RFC, the ALJ opined, without support, that "[t]he claimant's reported daily activities"—e.g., Plaintiff's showering and dressing himself, cooking, and cleaning—"are greater than one might expect[.]" (*See* Tr. 26.) The ALJ continued, "[Plaintiff's] alleged need for frequent, prolonged rest breaks is inconsistent with the level of daily functioning that he reported elsewhere in the

---

erred."); *cf. Coleson v. Comm'r of Soc. Sec. Admin.*, No. 18-CV-2862 (KAM), 2020 WL 1989280, at *7 (E.D.N.Y. Apr. 26, 2020) (remanding where ALJ failed to explain his considerations behind assigning an opinion "little weight").

record"—without specifying what exactly controverted Plaintiff's testimony about his need for frequent, prolonged breaks.[6] (*See id.*) The ALJ's statements—without any citation to a medical opinion or evidence of what "one might expect"—was improper and warrants remand. *See Selian*, 708 F.3d at 419 (remanding where "the ALJ improperly substituted her own criteria as to what is necessary to establish a . . . diagnosis without support from medical testimony"); *Falciano v. Comm'r of Soc. Sec.*, No. 18-CV-6853 (FB), 2020 WL 1493550, at *3 (E.D.N.Y. Mar. 27, 2020) (remanding where ALJ Tobias did not explain how testimony regarding claimant's ability to do "light laundry" and attend church bore upon claimant's RFC or ability to work); *Balsamo v. Chater*, 142 F.3d 75, 81–82 (2d Cir. 1998) ("[A] claimant need not be an invalid to be found disabled . . . [W]hen a disabled person gamely chooses to endure pain in order to pursue important goals, such as attending church[,] . . . it would be a shame to hold this endurance against him in determining benefits unless his conduct truly showed that he is capable of working." (internal quotation marks omitted)). To the extent that the ALJ "was unsatisfied with the available medical opinions, or believed there to be evidentiary gaps, it was his duty to develop the record further." *Falciano*, 2020 WL 1493550, at *4 (citing *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2010) ("The ALJ has an obligation to develop the record in light of the non-adversarial nature of the benefits proceedings.")).

---

[6] Although the ALJ cited to portions of the record in this paragraph of his decision, those portions either do not bear on Plaintiff's "alleged need for frequent, prolonged rest breaks" or, if anything, slightly support Plaintiff's argument. (*See, e.g.*, Tr. 365–78 (discussing injuries to and surgery on Plaintiff's shoulder); Tr. 586–87 (noting as of February 13, 2019 that Plaintiff reported "lower back pain" and "[s]light pain on flexion" of his lumbar spine); Tr. 845, 853–54, 1271–72, 1274, 1284, 1287–88 (discussing Plaintiff's mental health).)

## CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's motion for judgment on the pleadings and denies the Commissioner's cross-motion. The Commissioner's decision is vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Memorandum & Order. The Clerk of Court is respectfully requested to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 25, 2024
       Brooklyn, New York